**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>                Plaintiff/Respondent.<br><br>v.<br><br>Christy V. Beltran,<br><br>                Defendant/Petitioner. | No. CV-15-8093-PCT-GMS (JZB)<br>(No. CR-13-8067-PCT-GMS)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**I.  Summary**

While Defendant was serving a state prison sentence, she was transferred to federal authorities pursuant to a writ of habeas corpus *ad prosequendum.* She was held for approximately eight months prior to federal sentencing. The Court sentenced her to 24 months imprisonment with credit for time served. The Federal Bureau of Prisons properly determined she was in state custody prior to sentencing and thus not entitled to time credit between execution of the writ and sentencing.  Since the filing of her Motion, Defendant has also been released from custody.  As detailed below, the Court recommends Defendant's Motion to be released from prison be denied because it is moot. The Court also finds her claim fails on the merits.

**II.  Procedural History**

On April 1, 2013, Defendant was sentenced in the State of Arizona to a term of

imprisonment. (Doc. 1-1 at 10.)[1] On July 3, 2013, she was transferred from the Arizona Department of Corrections to the United States Marshals Service ("USMS") pursuant to a federal writ of habeas corpus *ad prosequendum*. (CR Doc. 8.) Defendant continued to be held by the USMS pending trial. (CR Doc. 9.) On February 24, 2014, Defendant was sentenced by this Court to 24 months imprisonment, "to run concurrently with the sentence imposed in Yavapai County Superior Court Case Number CR201380032, with credit for time served." (CR Docs. 27, 28.)

On April 30, 2015, Defendant filed the instant Motion challenging the Federal Bureau of Prison's ("BOP") calculation of time served in CR-13-8067-PCT-GMS. (Doc. 1.) On July 28, 2015, the Government filed a Response asserting the Motion should be denied. (Doc. 4.) On September 11, 2015, Defendant filed a Reply. (Doc. 7.)

## III. Discussion

### a. Mootness

A petitioner's claim for habeas corpus relief is moot if the petitioner is no longer in custody and no longer presents a case or controversy under Article III, § 2 of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating the "case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . [and] [t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.") (internal citations omitted); *Kittel v. Thomas*, 620 F.3d 949, 951–52 (9th Cir. 2010) (holding a habeas petition properly dismissed as moot where there was no legal issue remaining for the court to decide).

Here, Defendant requests that "this Court should order that Beltran should be released by the BOP." (Doc. 1 at 5.) According to Defendant's Reply submitted September 11, 2015, Defendant "has been released." (Doc. 7.) Defendant is no longer in custody. Defendant's request that she be released from BOP no longer presents a case or controversy under Article III, § 2 of the Constitution, and Defendant's claim for habeas

---

[1] Citations to "Doc." are to the docket in CV-15-8093-PCT. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-13-8067-PCT.

corpus relief is moot.[2] *See Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) (finding Defendant's "petition would have to be dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking.").[3]

### b. Merits

The Government argues Defendant's Motion should be denied because "Defendant previously waived her claim pursuant to her plea agreement, filed her Motion under the inapplicable Section, failed to exhaust her remedies within BOP, and contests by miscalculation the credit given by BOP." (Doc. 4.) Here, the Court will only address the calculation of credit for time served because Defendant's challenge fails on the merits.

Defendant's sentence began, not surprisingly, after she was sentenced. *See Schleining v. Thomas*, 642 F.3d 1242, 1248 (9th Cir. 2011) (stating that a prisoner's "federal sentence does not 'commence' until after he has been sentenced in federal court"). Defendant was entitled to credit for time served pursuant to 18 U.S.C. § 3585, which addresses the commencement of sentence and calculation of credit for prior custody:

> (a) Commencement of Sentence: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody: A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences— (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(Emphasis added.)

---

[2] Defendant also asserts, in her Reply, that the issue is not moot because the "issue must come up often" and "needs to be clarified." (Doc. 7 at 5.) There is no need for clarification because law on this point has been undisputed for more than 20 years.

[3] Defendant also requests that "her sentence be shortened" pursuant to Rules 33 and 35 of the Federal Rules of Criminal Procedure. (Doc. 1 at 5.) This request is similarly moot.

Here, BOP correctly determined the federal sentence in this case commenced on the date of sentencing, February 24, 2014. (Doc. 1-1 at 11.) BOP also concluded that "Title 18 U.S.C. § 3585(b) precludes the application of credit for time spent in the service of another sentence." (*Id.*) BOP further found that Defendant was entitled to 72 days of credit for time served "in state presentence custody after the commission of the federal offense. . . ." (*Id.*) BOP's calculations are correct.

Defendant was writ from state prison to federal authorities, and consequently was only "borrowed" from the state. The Ninth Circuit has held that a prisoner transferred per a writ of habeas corpus *ad prosequendum* "is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (citation omitted). Because Defendant was not in federal custody prior to sentencing, she is not entitled to credit for time served from her transfer (July 3, 2013) until sentencing (February 24, 2014). *See United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence."); *Lay v. Gill*, 575 Fed. Appx. 816 (9th Cir. 2014) (finding time "spent in federal custody pursuant to a writ of habeas corpus ad prosequendum" could not "be credited towards his federal sentence" because "he remained subject to the state's jurisdiction during the time he spent in federal custody pursuant to the writ"); *Schleining*, 642 F.3d at 1245 n.2 ("18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment '*has not been credited against another sentence*.'" (quoting 18 U.S.C. § 3585(b) (emphasis in original)).

From July 3, 2013, to February 24, 2014, while Defendant was being detained by the USMS, the state's jurisdiction over the Defendant continued "uninterruptedly." Defendant was being credited during that period for time served for her state sentence.

The BOP's Designation and Sentence Computation Center correctly asserted "Title 18 U.S.C. § 3585(b) precludes the application of credit for time spent in the service of another sentence." (Doc. 1-1 at 11.) Thus, Defendant's claim challenging the BOP's calculation of time served in CR-13-8067-PCT-GMS fails on the merits.

Accordingly,

**IT IS RECOMMENDED** that Defendant's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, or Alternatively a Motion to Clarify this Court's Sentencing Order pursuant to Fed. R. Crim. P. 35(a) (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 3rd day of February, 2016.

Honorable John Z. Boyle
United States Magistrate Judge